Defendant-appellant, James A. Blackburn, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief arising out of convictions for one count of felonious assault, in violation of R.C. 2903.11, one count of carrying a concealed weapon, in violation of R.C. 2923.12, one count of illegal possession of a firearm in a liquor premises, in violation of R.C. 2923.121, and various specifications under each count.
Defendant's convictions arose from a shooting incident on October 24, 1992, at the Bus Stop Cafe, located on Parsons Avenue. According to evidence presented at trial, defendant shot James Hall in the stomach after the two men had been drinking together.
On December 31, 1992, Westerville Police Officer James Moore stopped defendant for a speeding violation. Ascertaining that defendant had no driving privileges and that warrants were outstanding for defendant's arrest, Officer Moore searched the vehicle, owned by defendant's sister but driven by defendant, and found a .22 caliber handgun in the glove compartment.
Out of the traffic stop, defendant was charged with carrying a concealed weapon and driving with a suspended license ("traffic case"). Defendant, however, was acquitted of carrying a concealed weapon because the state failed to prove possession. The weapon was admitted in the subsequent trial arising out of the shooting ("shooting case"), leading to the convictions which are the subject of defendant's petition for post-conviction relief.
Defendant appealed his convictions arising from the shooting case to this court, arguing not only that the weapon Officer Moore found should have been excluded, but that the trial court in the traffic case had suppressed the weapon as the fruit of an illegal search, thereby barring its admission in the shooting case under the doctrine of collateral estoppel. Defendant also argued on appeal that his trial counsel was ineffective in failing to object to the gun's admission or to testimony relating to the gun. This court affirmed the conviction, noting that the record did not indicate the gun was suppressed as the fruit of an illegal search in the traffic case. State v. Blackburn (Jan. 17, 1995), Franklin App. No. 94APA05-654, unreported (1995 Opinions 88).
On February 27, 1996, defendant filed with the trial court a petition for post-conviction relief concerning his convictions in the shooting case. Defendant filed a second amended petition on May 24, 1996, attaching both a partial transcript of the suppression hearing from his traffic case, and his sister's affidavit stating she had given him implied permission to use the automobile on the day Officer Moore found the handgun.
The trial court denied the petition and its amendments without a hearing and issued a decision containing findings of fact and conclusions of law. The court found: (1) defendant's claims to be barred by the doctrine of res judicata because defendant had litigated those issues on direct appeal; (2) defendant failed to state any valid grounds for post-conviction relief; and (3) defendant failed the two-prong test for ineffective assistance of counsel advanced in Strickland v.Washington (1984), 466 U.S. 668.
Defendant appeals, assigning the following errors:
 1. GROUND ONE: TRIAL COURT ERRED BY IMPROPERLY APPLYING DOCTRINE OF RES JUDICATA AND, UPON PREMISE OF SAME, DISMISSING APPELLANT'S R.C. § 2953.21 MOTION TO VACATE, SET-ASIDE, OR CORRECT SENTENCE[.]
 2. GROUND TWO FOR APPELLATE REVIEW: TRIAL COURT COMMITS REVERSIBLE ERROR WHEN MISAPPLYING STRICKLAND TEST AND ENTERING ORDER DISMISSING APPELLANT'S 2953.21 PETITION IN CONFLICT WITH STATE V. BRADLEY[.]
Considered together, defendant's two assignments of error reiterate the points raised in his petition for post-conviction relief: (1) the trial court's refusal to suppress the handgun, given the alleged earlier suppression of the weapon in the traffic case; (2) the ineffectiveness of trial counsel in failing to bring the prior suppression issue to the trial court's attention in the shooting case; (3) the ineffectiveness of trial counsel in failing to file a motion to suppress the handgun in the shooting case; (4) the ineffectiveness of trial counsel in the traffic case in failing to successfully demonstrate that defendant possessed standing to challenge the illegal search of his sister's vehicle; and (5) the ineffectiveness of trial counsel in the traffic case in failing to appeal the standing determination. Because none of defendant's claims demonstrates substantive grounds for relief, defendant's contention that the trial court erred in dismissing his petition lacks merit.
Under R.C. 2953.21, a criminal defendant's petition for post-conviction relief must claim "that there was such a denial or infringement of [his or her] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" A hearing is not automatically required when a petition for post-conviction relief is filed. Rather, the petition, supporting affidavits, and record in the case must demonstrate substantive grounds for relief that would warrant a hearing. The one filing the petition bears the burden of submitting documents containing sufficient operative facts to support his or her claim for relief. State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. If the petitioner fails to meet that burden, the trial court may summarily dismiss the petition without a hearing. State v.Perry (1967), 10 Ohio St.2d 175, paragraphs two and three of the syllabus.
Defendant first asserts the trial court improperly admitted the handgun into evidence in the shooting case because it allegedly had suppressed the handgun in the traffic case. Defendant's argument rests on the misconception that the trial court suppressed the handgun in his earlier case. The partial transcript of the suppression hearing in the traffic case, submitted with defendant's second amended petition, directly refutes defendant's contention. Instead, the trial court acknowledged that the weapon was obtained in an illegal search, but refused to grant the motion, finding defendant lacked standing to assert a Fourth Amendment challenge because he did not have permission to drive his sister's automobile. While the court granted defendant's Crim.R. 29 motion for acquittal of the concealed weapon charge in the traffic case due to the state's failure to prove possession, defendant attached no documentation linking the acquittal to the illegal search.
As part of the same argument, defendant also challenges the trial court's determination that this court's judgment on direct appeal precludes consideration of the issue in his post-conviction petition. Specifically, defendant contends that because this court did not reach the merits of his suppression argument, the appellate judgment cannot bar addressing it in the trial court. As noted, however, the evidence defendant submitted with his second amended petition for post-conviction relief demonstrates that the trial court did not exclude the handgun in the traffic case. Accordingly, even if the trial court misapplied the doctrine of res judicata, defendant is not entitled to a hearing on the suppression claim because he has failed to substantiate his contention that the handgun was suppressed in the traffic case.
Defendant's remaining grounds for post-conviction relief challenge the effectiveness of trial counsel in both proceedings.
In order to prevail on a claim of ineffective assistance of counsel, defendant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v. Reynolds
(1998), 80 Ohio St.3d 670, 674 (citing Strickland, supra.) A two-prong test is used to examine claims of ineffective assistance of counsel. In order to meet Strickland's first prong, defendant must show counsel's conduct was objectively deficient, producing evidence that counsel acted unreasonably.State v. Sallie (1998), 81 Ohio St.3d 673, 674 (citing State v.Keith [1997], 79 Ohio St.3d 514, 534). In order to meetStrickland's second prong, the defendant must prove that but for counsel's errors, a reasonable probability exists that the result of the trial would be different. Sallie, supra (citingKeith, supra).
Defendant first contends trial counsel was ineffective because he failed to include in a motion in limine any reference to the purported suppression of the handgun in the earlier case. Because the handgun was not suppressed in the earlier case, trial counsel cannot be deemed deficient for failing to mention its suppression in a motion in limine.
Defendant next contends his counsel was ineffective because he allegedly failed to file a motion to suppress the handgun. The record indicates defendant's counsel filed a motion inlimine, asserting the preclusive effect of the trial court's finding in the earlier case that the weapon was obtained from an illegal search. The motion was overruled. Although the motion in limine was not styled as a motion to suppress the handgun, the motion nevertheless advanced an argument substantially similar to the argument defendant alleges counsel failed to assert. Moreover, even if counsel should have filed a motion to suppress to preserve the issue for appeal, we cannot conclude that but for counsel's failure to file such a motion, the result of the trial would be different.
Even if counsel successfully obtained suppression of the weapon, the trial testimony was overwhelming in support of defendant's convictions on each count in the indictment. Bartender Cheryl Sammons testified that she saw defendant shoot Hall. Similarly, bartender Sherry Phillips testified that she saw defendant pull a gun from his pants pocket, heard the gunshot as she turned to call 911, and saw Hall fall to the floor as defendant ran out the back door of the bar. Lisa Eldridge testified that she saw defendant with a gun in his possession prior to the shooting, saw defendant approach Hall after Hall confronted defendant about striking her, heard the gunshot, and saw Hall fall to the ground. Hall, called as a witness by the court under Evid.R. 614(B), described the injuries he received as a result of defendant shooting him, and while remembering the shooting, he did not remember the gun admitted into evidence as the weapon used against him. He further testified that he believed the shooting was an accident. Given that evidence, even had the gun been suppressed, the reasonable probability is defendant nonetheless would have been convicted of the same offenses.
Defendant's remaining arguments concern the actions of trial counsel in the traffic case. Even though defendant was acquitted in that case, he argues that his trial counsel was ineffective in failing to obtain a favorable ruling on the motion to suppress the handgun, and in failing to appeal the court's ruling on that issue. Defendant's contentions, however, reargue the same issues already addressed. Even if defendant's petition in this case is a proper vehicle for raising ineffective assistance of counsel in the traffic case, defendant cannot demonstrate prejudice, as he cannot show that the facts warranted a favorable ruling on his motion.
For the foregoing reasons, defendant's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
KENNEDY and PETREE, JJ., concur.